Dear Mr. Landry:
In your letter of July 14, 1989, you requested an Attorney General's Opinion relative to a bond election involving the Iberia Parish School Board. Specifically, you asked the following questions:
1. Does the vote of the people on the handwritten ballot of proposition number four legally obligate the Iberia Parish School Board to renovate New Iberia Middle School within its allocated budget for said project in accordance with proposition number one?
2. Was proposition number four as presented to the voters legally authorized by La. R.S. 18:1299, Louisiana Constitutional Article 6 Sections 22, 32-33, Louisiana Constitutional Article 8 Section 9, and La. R.S. 17:81 as interpreted by the Louisiana Supreme Court in the case of St. John the Baptist ParishAssociation of Educators y. James H. Brown, Secretary of State,465 So.2d 674 (La.S.Ct., 1985).
3. If you opine that the vote on proposition number four is not legally binding and enforceable against the School Board, can the School Board resubmit the substance of proposition number four back to the voters for a rededication of unspent monies with regard to proposition number one, or by any other method not prohibited by law.
It was noted in Attorney General's Opinion No. 78-1192-A that the results of a "straw-vote" election have no legal effect. A "straw-vote" is nothing more than a referendum utilized by a governing body to assist said body in making a decision that should be made by the governing authority. As stated in Attorney General's Opinion No. 82-710 "the election process is not the proper mechanism to obtain the public's opinion, as opposed to a definitive determination of the public's will."
In 1984 the legislature amended R.S. 18:1299 of the Louisiana Election Code. The prior law provided simply that Chapter 6-B of the Code would provide for the procedures in elections at which a proposition or question, except those provided for in Chapter 6-A, (bond, debt, and tax elections) are to be submitted to the voters.
The amendment to R.S. 18:1299 came about as a result of inquiries, such as your own, relative to referendum propositions. The Attorney General advised the Department of State that express statutory, constitutional or home rule authority was a prerequisite to placing such matters on the ballot. The legislature incorporated this language into R.S. 18:1299 which now provides:
 The provisions of this Chapter provide the procedures to be used in elections, except those provided for in Chapter 6-A of this Code, at which a proposition or question, authorized by the state constitution, by a statute of this state, or by a Home Rule Charter, shall be submitted to the voters. (emphasis supplies)
Enclosed for your reference is a copy of Attorney General's Opinion No. 87-229 which concluded that the Secretary of State lacks authority to place a non-binding proposition on the ballot absent the appropriate legal authority in accordance with R.S.18:1299.
In response to your first inquiry, the Iberia Parish School Board is not bound by the results of a straw-vote. Therefore, the straw-vote regarding renovation of the New Iberia Middle School is not binding on the board.
In response to your second inquiry, proposition number four was not authorized by R.S. 18:1299 and, as such, constituted a "straw-vote".
In response to your final question, there is no statutory or other basis for the school board to submit or resubmit a straw-vote to the electorate on an official election ballot.
In conclusion, proposition number four was not an official ballot item but instead was voted on by unofficial handwritten ballot. The substance of the proposition constituted a referendum or straw-vote which could not have been placed on the official ballot. A straw-vote constitutes an opinion of the voters and is not legally binding. There is no authority for the school board to place the proposition on an official ballot.
If you have any questions regarding this matter, please do not hesitate to contact me.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ___________________________ Cynthia Y. Rougeou Assistant Attorney General
CYR/dh